## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

GREGORY VAN COOPER, #350-641          *

Petitioner                            *

v                                     *          Civil Action No. RDB-14-1855

WARDEN KATHLEEN GREEN, et al.,        *

Respondents                           *
                                    ***

## MEMORANDUM OPINION

The Respondents move to dismiss Gregory Van Cooper's Petition for a Writ of Habeas Corpus as time-barred pursuant to 28 U.S.C. § 2244(d). (ECF 5). Cooper has responded, arguing his case should be deemed equitably tolled. He attributes the delay in filing to the fact that his trial attorney did not advise him that he could collaterally attack his guilty plea by way of state post-conviction and federal habeas corpus proceedings. (ECF 7). After reviewing these papers, the Court finds no need for an evidentiary hearing. *See* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts; see also* 28 U.S.C. §2254(e)(2). For reasons set forth herein, the Court shall dismiss the Petition with prejudice as time-barred.

### Procedural History

On May 12, 2008, Cooper pleaded guilty in the Circuit Court for Baltimore County to one count of first-degree murder, and was sentenced to life imprisonment with all but 40 years suspended. (ECF 5-1; ECF 1, p. 1). Cooper did not file an application for leave to appeal the entry of his guilty plea and sentence (ECF 5-1); thus, his judgment of conviction became final on June 11, 2008, when the time for filing for leave to appeal expired. See Md. Code. Ann., Cts & Jud. Proc. Art., §12-302 (e) (1997) (appeal of guilty plea is by way of application for leave to appeal); Md. Rule 8-204(b) (application for leave to appeal must be filed within 30 days after

entry of judgment or order from which appeal is sought). A motion for modification of sentence filed on August 8, 2008, was denied on August 28, 2008. (ECF 5-1).

On March 22, 2011, Cooper filed a motion for new trial that was denied by the Circuit Court on April 8, 2011. (ECF 5-1). A timely appeal of that decision was not filed. (*Id.*).

On June 29, 2012, Cooper filed a petition for post-conviction relief in the Circuit Court for Baltimore County, challenging his probation revocation. (ECF 5-1). The Circuit Court granted Cooper the right to file a belated request for review by a three-judge panel, but otherwise denied post-conviction relief. (ECF 5-1; ECF 1, pp. 3-4). Cooper filed an application for leave to appeal this ruling, which was summarily denied by the Court of Special Appeals in an unreported opinion filed on May 22, 2014. The court's mandate issued on June 23, 2014. (ECF 5-3).

Cooper seeks federal habeas corpus relief by asserting ineffective assistance of counsel relating to his guilty plea. (ECF 1, pp. 12-17). His Petition is signed June 4, 2014 (ECF 1-7), and is deemed filed on that date. *See Houston v. Lack*, 487 U.S. 266 (1988); *Lewis v. Richmond City Police Department*, 947 F.2d 733, 734-35 (4th Cir. 1991); *United States v. Dorsey*, 988 F. Supp. 917, 919-920 (D. Md. 1998).

It is not disputed that within one year of completing his state post-conviction challenge to his guilty plea, Cooper filed the instant federal action. That diligence, however, does not defeat Respondents' argument concerning the one-year limitations period.

The one-year period which applies to habeas petitions begins to run on the date on which the judgment became final by the conclusion of direct review or (if no appeal is taken) upon the expiration of the time for seeking such review. *See* 28 U.S.C. § 2244(d)(1)(A). Here, the limitations period began to run on June 11, 2008, and expired one year later, on June 11, 2009.

2

Clearly, Cooper failed to seek federal habeas corpus relief in a timely manner.  He presents no grounds to support an argument that the limitations period should be statutorily tolled in his favor.

Cooper claims that he is entitled to equitable tolling of the one-year limitations period because trial counsel failed to advise him of the option of state post-conviction review and the one-year limitations period imposed on state prisoners who sought federal habeas corpus relief. In order to be entitled to equitable tolling, Cooper must establish that either some wrongful conduct by Respondents contributed to the delay in filing and completing state post-conviction review, or that circumstances beyond his control caused the delay. *See Rouse v. Lee*, 339 F. 3d 238, 246 (4th Cir. 2003); *Harris v. Hutchinson*, 209 F. 3d 325, 328 (4th Cir. 2000).  "[A]ny resort to equity must be reserved for those rare instances where . . . it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Id.*

Nothing in the record suggests that misconduct or some extraordinary circumstance prevented Cooper from timely completing post-conviction relief with regard to the validity of his guilty plea.  Cooper was advised of his right to request sentence reduction or modification, his deadline for filing an application for leave to appeal his plea, and the deadline for seeking sentence review by a three-judge panel. (ECF 7-1, pp. 1-2).  Nothing more is constitutionally required in this case.  To the extent delay in completing post-conviction review might be attributed to his lack of understanding of the law, unfamiliarity with the law may not be used to justify equitable tolling. *See United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004).

Cooper has failed to satisfy his burden to demonstrate that equitable tolling is warranted, and his claims for habeas corpus relief are time-barred.  For the reasons stated herein, the Court will deny and dismiss the Petition.  A certificate of appealability will not issue because Cooper

has not made a "substantial showing of the denial of a constitutional right."[1] A separate order

follows.

SEPTEMBER 16, 2014
Date

*RICHARD D. BENNETT*
RICHARD D. BENNETT
UNITED STATES DISTRICT JUDGE

---

[1] When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.' " *Rouse v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack v. Daniel*, 529 U.S. 473, 484 (2000)). Denial of a Certificate of Appealability in the district court does not preclude Fagan from requesting a Certificate of Appealability from the appellate court.